John DEEGAN and Dorothy S. Deegan, Paul Schacknow, Stanley L. Manes and Jocelyn G. Manes, Jesse M. Farrow and Joan H. Farrow, Max H. Rhulen and Evelyn J. Rhulen, Walter A. Rhulen and Judith Rhulen, Jerome Reiss and Naomi Reiss, James P. Kelley and Louise Kelley, Harry E. Danielson and Mary Danielson, and Steven Roy Schacknow, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 949, Docket 85–4176.

United States Court of Appeals, Second Circuit.

Argued March 26, 1986.

Decided April 8, 1986.

Howard L. Mann, Schwartzman, Weinstock, Garelik & Mann, New York City (Herman Schwartzman and Donald A. Pitofsky, of counsel), for petitioners-appellants.

Teresa E. McLaughlin, Dept. of Justice, Tax Div., Washington, D.C. (Roger M. Olsen, Acting Asst. Atty. Gen., Michael L. Paup and Anne Belanger Durney, of counsel), for respondent-appellee.

Before KAUFMAN, MANSFIELD and MESKILL, Circuit Judges.

PER CURIAM:

Appellants are limited partners in Northern Hills Partnership ("Northern Hills"). Northern Hills was organized by general partner Ted Shapiro for the purpose of investing in two foreign films, "Ms. Don Juan"[1] and "Don't Open the Window."

"Ms. Don Juan," featuring Brigitte Bardot, follows the predictable exploits of a female Don Juan "who finds pleasure in destroying the lives of various men." "Don't Open the Window," a horror film, details the pandemonium caused by a piece of exterminating equipment that "bring[s] back to life newly-dead human beings as bloodthirsty monsters."

The Commissioner assessed deficiencies in appellants' federal tax returns after denying deductions and investment tax credits attributable to the partnership. The Tax Court found that the film investments were not activities engaged in "for profit." I.R.C. § 183.[2] Accordingly, the taxpayers were precluded from claiming deductions by the terms of I.R.C. § 183(a). The investors now appeal.

 We affirm, substantially on the basis of the Tax Court's thorough opinion.[3] The court properly noted that where a general partner bears primary responsibility for managing the business of a limited partnership, the relevant inquiry is whether the general partner harbored "an intent and objective of realizing a profit" through the investments. *Brannen v. Commissioner,* 78 T.C. 471, 506 (1982), *aff'd,* 722 F.2d 695 (11th Cir.1984). After a thorough

---

1. The film opened in France under the title, "Si Don Juan Etait Une Femme." Accordingly, it is also known in the United States by the literal translations, "If Don Juan Were a Woman" and "If Don Juan Were a Lady."

2. Title 26 U.S.C. § 183 provides in relevant part:

(a) *General rule*—In the case of an activity engaged in by an individual or an electing small business corporation (as defined in section 1371(b)), if such activity is not engaged in for profit, no deduction attributable to such activity shall be allowed under this chapter except as provided in this section.

(b) *Deductions Allowable*—In the case of an activity not engaged in for profit to which subsection (a) applies, there shall be allowed—

(1) the deductions which would be allowable under this chapter for the taxable year without regard to whether or not such activity is engaged in for profit, and

(2) a deduction equal to the amount of the deductions which would be allowable under this chapter for the taxable year only if such

activity were engaged in for profit, but only to the extent that the gross income derived from such activity for the taxable year exceeds the deductions allowable by reason of paragraph (1).

(c) *Activity not engaged in for profit defined*—For purposes of this section, the term "activity not engaged in for profit" means any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212.

3. *Deegan, et. al. v. Commissioner,* T.C. Memo. 1985–219 (August 23, 1985). The Tax Court concluded that even had the films performed as well as projected by Shapiro's appraisers, the return would not have been sufficient to pay the principal and interest due on the nonrecourse notes. In the case of *Don't Open the Window,* however, the court erroneously based its calculations on the predicted film rentals to the partnership rather than the estimated gross distribution revenues. Nonetheless, we do not believe this calculation was determinative of the outcome of the case.

review of the record, we agree with the Tax Court that Shapiro failed to establish the partnership's "for profit" status. *See* Treas. Reg. § 1.183–2(b).

 We also affirm the ruling of the Tax Court that appellants may not deduct the interest expense attributable to the nonrecourse notes, with which the partnership paid $3,100,000 of the films' purchase price. The court determined that the fair market values of the films were far below their stated purchase prices, and concluded that the partnership had no economic incentive to repay the notes. Accordingly, the court correctly found that the non-recourse notes did not constitute genuine debts, and therefore should not yield interest deductions. *Odend'hal v. Commissioner*, 80 T.C. 588, 603 (1982), *aff'd*, 748 F.2d 908, 912 (4th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 3552, 86 L.Ed.2d 706 (1985); *Estate of Franklin v. Commissioner*, 544 F.2d 1045, 1049 (9th Cir.1976).

Appellants argue in the alternative that they should be permitted to take depreciation deductions to the extent of their cash investment of $550,000. Where an investment activity is not "for profit," however, deductions are available only to the limited extent provided by 26 U.S.C. § 183(b). Accordingly, the Tax Court properly disallowed depreciation deductions based on the total cash investment in the partnership. *See Brannen v. Commissioner, supra*, 722 F.2d 695, 706 (11th Cir. 1984).

Accordingly, the decision of the Tax Court is affirmed.